## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEN REES                                            :
185 Shane Drive                                     :
Morrisville, Pennsylvania 19067                     :
                                                    :
   v.                               :          NO.
                                                    :
CLASSIC ADMINISTRATION                              :
SYSTEMS, LLC d/b/a                                  :
RIDER'S ADVANTAGE                                   :
1603 Capitol Avenue                                 :
Suite 303D                                          :
Cheyenne, Wyoming 82001                             :
                                                    :
   And                              :          **COMPLAINT AND JURY DEMAND**
                                                    :
COGENCY GLOBAL, INC.                                :
D/B/A FORTEGRA                                      :
600 N. 2nd Street                                   :
Harrisburg, Pennsylvania 17101                      :

## CIVIL ACTION COMPLAINT

## THE PARTIES

1.     Plaintiff, Ben Rees, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, with an address for service of legal documents at 185 Shane Drive, Morrisville, Pennsylvania 19067.

2.     Defendant, Classic Administration Systems, LLC d/b/a Rider's Advantage, is a business limited liability corporation, registered to do business and regularly conducts business in the Commonwealth of Pennsylvania, with a principal place of business at 1603 Capitol Avenue, Suite 303D, Cheyenne, Wyoming 82001 (Ex. "A" attached).

3.     Defendant, Cogency Global, Inc., D/B/A Fortegra, is a business corporation registered to do business and regularly conducts business in the Commonwealth of Pennsylvania with an address for service of 600 N. 2nd Street, Harrisburg, Pennsylvania 17101 (Ex. "B"

attached). Furthermore, at all times relevant hereto, Plaintiff believes and, therefore avers, that Cogency Global/Fortegra was the claims administrator and/or reinsurer of warranty service agreements for Defendant, Classic Administration Systems, LLC d/b/a Rider's Advantage.

4.    All of the forgoing acts or omissions were done jointly and/or severally by Defendants.

## JURISDICTION

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 in that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States" and 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

6.    Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred as well as 1391(b)(3) in that some or all of the Defendants are subject to personal jurisdiction here.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.    At all times relevant hereto, Plaintiff owned a 2018 Can-Am Maverick X3, a recreational off-road all-terrain vehicle which Plaintiff purchased via private sale from the previous owner, with a VIN number of 3JBVRAY22JK000280.

8.    At all times prior to July 3, 2019, said Can-Am vehicle was in good working order to the best of Plaintiff's belief and knowledge.

9.     On or before July 3, 2019, Plaintiff sought to purchase a warranty/vehicle service agreement for said Can-Am vehicle to warrant and protect said vehicle and himself in the event of a mechanical breakdown or failure.

10.     On or about July 3, 2019, Plaintiff purchased such a vehicle service agreement from Defendant, Classic Administration Systems, LLC d/b/a Rider's Advantage, agreement number JK000280, for the sum of $1,653.00, paid in full, at the time the service agreement was issued. Said service agreement was sold by Defendant's authorized agent, Ball Equipment, 600 S. Sandusky Road, Sandusky, Michigan 48471 (Exhibits "C" "D" and "E" attached hereto).

11.     On or about July 20, 2019, said Can-Am vehicle suffered a mechanical breakdown while Plaintiff was operating it for its usual and intended use.  As a result, Plaintiff transported the Can-Am to McAdoo Motorsports in Indiana, Pennsylvania for purposes of diagnosis and repair.

12.     On or after July 22, 2019, Plaintiff notified Defendant, Rider's Advantage, (via McAdoo Motorsports) of the Can-Am breakdown and initiated a claim under the above-referenced service agreement.

13.     On or about September 27, 2019, Defendant, Rider's Advantage, had said Can-Am inspected at McAdoo Motorsports.

14.     Having heard nothing in response to the above, on or about October 4, 2019, Plaintiff contacted Rider's Advantage to inquire about the claim status and was told said claim was denied. Defendant's representative, Tom Smith, over the course of a 33-minute telephone conversation with Plaintiff, in summary, denied the claim, stating that Plaintiff did not have a "valid service agreement with Defendant".

15.     As a result of the conversation with Tom Smith, Plaintiff contacted Ball Equipment, who, in turn, put Plaintiff in contact with Defendant's regional manager, Kai Sandoval, on October

4, 2019 and subsequently left voicemails or attempted contact with Sandoval on October 9, 16, 30, and 31 of 2019, to no avail.

16.    On or about October 31, 2019, Plaintiff spoke with Mr. Sandoval who told Plaintiff his phone had broken, hence, the failure to contact Plaintiff.  Mr. Sandoval then referred Plaintiff to his superior, Mike Mueller.

17.    On or about November 6, 2019, Plaintiff spoke to Mike Mueller.  On November 18, 2019, Mr. Mueller told Plaintiff that the service agreement should not have been sold to Plaintiff and that the Defendant was going to refund to the Plaintiff the purchase price.

18.    On or about November 20, 2019, Mr. Mueller subsequently told Plaintiff that the service agreement will be honored but that the needed repairs to Plaintiff's Can-Am are not covered thereunder.  No further explanation or factual (or legal) basis has ever been provided to Plaintiff as to the failure of all Defendants to provide the benefits Plaintiff purchased in the aforementioned service agreement.

19.    As a direct result of the actions of the Defendants, said vehicle cannot be used for its intended purpose, poses a danger if used and renders the vehicle worthless and a total loss.

20.    At this juncture, the vehicle has been out of service, due to Defendants' acts, for a cumulative total of over 30 days.

21.    Defendants are in breach of their own warranty agreement as well as warranties by operation of law.

22.    Plaintiff is financially damaged due to Defendants' failures to comply with its warranties which failures Plaintiff believes have been negligent, wanton, reckless and intentional.

23.    Plaintiff seeks relief for all losses due to the aforementioned and hereafter mentioned acts of Defendants, in addition to attorney fees and court costs.

## COUNT I
## MAGNUSON-MOSS FEDERAL TRADE COMMISSION IMPROVEMENT ACT
## PLAINTIFF V. ALL DEFENDANTS

24.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

25.   Plaintiff is a "Consumer" as defined by 15 U.S.C. § 2301(3).

26.   Defendant is a "Warrantor" as defined by 15 U.S.C. §2301(5).

27.   The purpose for which Plaintiff uses the Vehicle is personal, family, and household use.

28.   By the terms of the express written warranties referred to in this Complaint, Defendant agreed to perform effective warranty repairs at no charge for parts and/or labor, subject to any applicable deductible.

29.   Defendant has made zero attempts to comply with the terms of its warranty.

30.   As a direct and proximate result of Defendants' failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

31.   Section 15 U.S.C. §2310(d)(1) provides:

> If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgement a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon the actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

32.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an equal amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees, and all other damages provided by law, including treble damages, in an amount greater than Fifty Thousand Dollars ($50,000.00).

**COUNT II**
**UNIFORM COMMERCIAL CODE**
**PLAINTIFF V. ALL DEFENDANTS**

33.    Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

34.    The failure of Defendants to act constitutes a breach of contractual and statutory obligations of Defendants, including but not limited to the following:

        a.    Breach of Express Warranty;

        b.    Breach of Contract;

        c.    Breach of Duty of Good Faith;

35.    At the time of purchasing the warranty and at all times subsequent thereto, Plaintiff justifiably relied upon Defendants' express warranties to his detriment and loss.

36.    Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendants to honor its express warranties.

37.    Such damages include, but are not limited to, the purchase price of the warranty plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, in an amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees, including all damages not yet ascertainable.

## COUNT III
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
## PLAINTIFF V. ALL DEFENDANTS

38.    Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

39.    Plaintiff is a "Person" as defined by 73 P.S. §2012(2).

40.    Defendant is a "Person" as defined by 73. P.S. §2012(2).

41.    The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-2(4), defines "unfair or deceptive acts or practices" to include, but not limited to the following:

    (vii).    Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

    (xiv).    Failing to comply with the terms of any written guarantee or warranty given to the byer at, prior to, or after a contract purchase of good or services is made;

    (xv).    Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

    (xvi).    Making repairs, improvements or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing;

    (xvii).    Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

42.    Plaintiff believes, and therefore avers, that Defendants' conduct falls within the aforementioned definition of "unfair or deceptive acts or practices."  Furthermore, Defendants' actions constitute otherwise reckless, wanton, or willful conduct which is prohibited by the Statute.

43.    Section 201-9.2(a) of the Statute provides for private causes of action for any person "who purchases or leases goods or services primarily for personal, family household purposes." The Statute authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

44.    Plaintiff believes and avers, that Defendants' conduct in the sale and failed servicing of the vehicle violates the Statute and rules and regulations promulgated thereunder.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with all collateral charges, attorney fees, and costs of suit.

### COUNT IV
### BAD FAITH
### PLAINTIFF V. ALL DEFENDANTS

45.    Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

46.    The "Powersport Vehicle Service Agreement" that Plaintiff purchased from Defendants for good and valuable consideration is an insurance policy against the risk and cost of repair of said Can Am vehicle in the event of breakdown.  That is the express purpose of the agreement and that is the undisputed understanding of the purpose of the agreement by both Plaintiff, a consumer, and Defendants, the sellers/issuers.

47.    The actions of Defendants, jointly and/or severally, in the handling of Plaintiff's warranty claim constitutes bad faith, as defined under 42 Pa.C.S.A. Section 8371 as follows:

a)    Failing to objectively and fairly evaluate Plaintiff's claim;

b)    Engaging in dilatory claim's handling;

c)    Failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim;

d)    Acting unreasonably and unfairly in response to Plaintiff's claim;

e)    Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become reasonably clear;

f)    Subordinating the interest of its insured to its own financial monetary interest;

g)   Failing promptly to offer payment to Plaintiff;

h)   Failing reasonably and adequately to investigate Plaintiff's claim;

i)   Failing to reasonably evaluate and/or review the medical documents in Defendant, Dairyland's, possession;

j)   Violating the fiduciary duty of good faith and fair dealing owed to Plaintiff;

k)   Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to Plaintiff;

l)   Compelling its insured to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between Plaintiff and Defendant exists;

m)   Compelling Plaintiff to litigate this claim to recover amounts due under the warranty policy;

n)   Failing to make an honest, intelligent and objective settlement offer;

o)   Causing Plaintiff to expend money on the presentation of this claim; and

p)   Causing Plaintiff to bear the stress and anxiety associated with litigation;

48.   As Plaintiff's obligor, Defendants owe a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's warranty claim in good faith and to arrive at a prompt, fair and equitable settlement.

49.   Defendants have engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiff, its insured/obligee, and is liable for its bad faith conduct.

50.   For all of the reasons set forth above, Defendants have violated the warranty policy and its obligations as an insurer/obligor; have failed to act in good faith toward Plaintiff and has violated 42 Pa.C.S.A. §8371, for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

51. Defendants' bad faith consisted of, but is not limited to, the following:

   a)  Failing to provide to Plaintiff contracted-for insurance/warranty coverage due to Defendants' own underwriting failings or mistakes;

   b)  Failing to provide to Plaintiff contracted-for insurance/warranty coverage due to Defendants' own authorized agent's failings or mistakes;

   c)  Failing to provide to Plaintiff contracted-for warranty coverage despite being keenly and fully aware of that stated in (a) and (b), above;

   d)  Failing to correct or act upon Defendants' underwriting mistakes, despite being aware of same;

   e)  Playing "cat and mouse" or a game of trickery with Plaintiff by first refusing to recognize the issued warranty agreement as valid, then, after many months, advising Plaintiff that the warranty agreement *was* valid but that the necessary repairs were not covered thereunder; and

   f)  Forcing Plaintiff to file the instant action to recover warranty benefits.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages allowed by 42 Pa. C.S.A.§8371.

## JURY DEMAND

Plaintiff herein demands a jury trial.

**TABAKIN WOLFE, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
Plymouth Greene Office Campus
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
P: 215-525-1616
F: 215-525-5858
brad@twlegal.net